HOPP MANAGEMENT COMPANY v ROOKS

Docket No. 125805. Submitted February 13, 1991, at Detroit. Decided
May 7, 1991, at 10:55 A.M.

Hopp Management Company brought an action in the 36th
District Court against Sydney Rooks, a former tenant, seeking
damages for breach of a lease agreement. Rooks had moved out
of her apartment after being assaulted while entering the
plaintiff's apartment building and suffering injury to her right
hand as a result of the assault. The plaintiff had refused to
allow her to move to a more secure unit in the apartment
building. The defendant filed a counterclaim, alleging misrepre-
sentation, negligence, and breach of contract. Upon learning
that her right hand might require surgery, the defendant,
pursuant to MCR 4.002(B), filed a motion to transfer the case to
the Wayne Circuit Court. The district court, Chris E. Stith, J.,
denied the motion, ruling that the seven- or eight-month delay
between the counterclaim and the motion for transfer was
inexcusable. The Wayne Circuit Court, Kathleen I. MacDonald,
J., affirmed. The defendant appealed by leave granted.

The Court of Appeals *held:*

The lower courts erred in determining that the defendant's
delay in moving for a transfer was inexcusable.

Under MCR 4.002(B) a party, at any time, may file with the
district court in which an action is pending a motion requesting
that the action be transferred to circuit court because, as a
result of a change in condition or circumstance, or because of
facts not known by the party at the time the action was
commenced, the party wishes to seek relief of an amount or
nature that is beyond the jurisdiction or power of the district
court to grant. The court rule requires a district court to grant
such a motion upon finding that the movant may be entitled to
the relief claimed and that the delay in making the claim is
excusable.

In this case, the defendant moved for a transfer of the cause
of action to the circuit court within six weeks of receiving
medical advice indicating that surgery was necessary in addi-
tion to the medication and physical therapy she had undergone

from the time she was assaulted and robbed. Her delay in moving for a transfer therefore was excusable.

Reversed.

*Bieber & Nickerson* (by *Walter Bieber*), for the plaintiff.

*Wise & Marsac* (by *Edward V. Keelean*), for the defendant.

Before: MacKenzie, P.J., and Gribbs and Griffin, JJ.

Per Curiam. Sydney Rooks appeals by leave granted from a circuit court order affirming the district court's denial of her motion to transfer this case to circuit court. We reverse.

In September 1983, Rooks met with the manager of River Terrace Apartments to discuss the rental of an apartment. Eventually, a lease was signed, and Rooks took possession of the apartment on October 1, 1983. The lease was to run from October 1, 1983, to September 30, 1984.

On October 24, 1983, Rooks was assaulted and robbed as she entered the apartment building. As a result of this attack, her purse and valuables were stolen and she sustained injuries to her right wrist and elbow. Rooks thereafter consulted with Dr. Dimanin, who on November 22, 1983, noted in Rooks' file that she "may need hand surgery in future."

In early December 1983, Rooks moved out of her apartment after unsuccessfully attempting to convince the manager that she should be allowed to move to an apartment which was closer to the security guard and more easily accessible from the parking lot.

On January 30, 1985, Hopp Management Company filed a claim in the 36th District Court,

seeking money damages from Rooks for breach of her lease agreement. On March 8, 1985, Rooks filed an answer, affirmative defenses, and a counterclaim, alleging in the countercomplaint that Hopp Management was liable for misrepresentation, negligence, and breach of contract.

On July 27, 1985, Dr. Elaine Cassen evaluated Rooks, finding that she "has carpal tunnel of the right hand and right lateral epicondylitis." The doctor's plan for Rooks was to continue her medication and to refer her for physical therapy. In October 1985, Rooks was again examined by Dr. Cassen, and it was confirmed that she had carpal tunnel syndrome of the right wrist and right lateral epicondylitis. The prognosis was that she should consider surgery, possibly a carpal tunnel release.

Sometime between October 30, 1985, and November 14, 1985, Rooks filed a motion to transfer the cause of action from the 36th District Court to the Wayne Circuit Court. This was done because Rooks believed that her damages, following the most recent diagnosis of Dr. Cassen regarding the necessity of surgery, would exceed the jurisdictional limits of the district court. This motion was denied by the district judge, without a written decision or explanation, on October 13, 1985. The case was later scheduled for trial on March 3, 1986.

On March 3, 1986, Rooks renewed her request for a transfer. In response, Hopp Management stated that upon denial of the transfer request by the district court it would offer a judgment in Rooks' favor in the amount of $10,000, the jurisdictional limit of the district court, plus interest, attorney fees, and the dismissal of the rent collection action. The district judge again denied Rooks' request for a transfer, and entered a judgment in

favor of Rooks for $10,000, plus interest and attorney fees. The rent collection action was also dismissed.

Rooks appealed that decision to the circuit court, which remanded, finding an insufficient factual basis set forth on the record by the district judge.

On remand, the district judge found, pursuant to MCR 4.002(B), that Rooks was not entitled to the relief she sought because the delay in making her claim was not excusable.

Once again, Rooks appealed to the circuit court, which, after finding no abuse of discretion by the district judge, affirmed the district court's denial of Rooks' motion for transfer. This Court granted Rooks leave to appeal.

Essentially, the issue to be resolved in this case is whether the circuit court erred in affirming the district court's finding that Rooks was not entitled to the relief sought because the delay in making the claim was "not excusable." The court rule at issue, MCR 4.002(B), provides:

(1) A party may, at any time, file a motion with the district court in which an action is pending, requesting that the action be transferred to circuit court. The motion must be supported by an affidavit stating that

(a) due to a change in condition or circumstance, or

(b) due to facts not known by the party at the time the action was commenced,

the party wishes to seek relief of an amount or nature that is beyond the jurisdiction or power of the court to grant.

(2) If the district court finds that the party filing the motion may be entitled to the relief the party now seeks to claim and that the delay in making the claim is excusable, the court shall order the action transferred to the circuit court to which an appeal of the action would ordinarily lie.

Although there are no reported cases which interpret the rule, we find the author's comment on MCR 4.002, as contained in 5 Martin, Dean & Webster Michigan Court Rules Practice, p 258, instructive:

> MCR 4.002(B) was generally intended to provide a method of transfer in those situations in which a change in condition or circumstance, including facts unknown at the time of filing, so alter a party's cause of action that relief only obtainable in the circuit court must now be sought. The typical situation is that in which a personal injury action is filed in district court and a party's medical condition worsens, or it is later discovered that the actual medical condition of the party is other than that originally believed at the time of filing.

In this case, although Rooks may have known in November 1983 that future surgery was possible, it wasn't until October 1985 that she learned that surgery would be necessary. Until that time, Rooks' treatment consisted solely of medication and physical therapy. Within six weeks after she was told that surgery and hospitalization would be required, Rooks brought her motion to transfer. We do not believe Rooks' course of conduct constituted an inexcusable delay in bringing the motion.

Reversed.